OAK AND DALE PROPERTIES, INC. *et al.*, Plaintiffs-Appellants, *v.* JOSEPH J. AVERS *et al.*, Defendants-Appellees.

(No. 72-313;

Second District—October 2, 1973.

John Vogel, of Glen Ellyn, for appellants.

John Demling, of Glen Ellyn, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The plaintiff herein filed a complaint to foreclose a mechanic's lien on April 2, 1970. In this complaint plaintiff sets forth that plaintiff Brugh and defendants Avers, entered into a written contract whereby plaintiff agreed to construct a single family house for the defendants Avers under a written contract, attached thereto, at a price of $47,500. The complaint further alleged that at the direction of the defendants Avers certain modifications and extras were incorporated into the construction and that the "fair market value" for the modifications and extras was $22,433.68. A claim for lien had previously been filed by the plaintiff alleging that the "claimant did extra and additional work on and delivered extra and additional materials  *  *  *  of the value of $18,-933.68", and that the owner had "paid $3,500 for these modifications and/or extras."

.. The defendants moved to dismiss under section 48 of the Civil Practice Act, (Ill. Rev. Stat. 1969, ch. 110, par. 48) with a supporting affidavit of one of the defendants. Plaintiff Brugh thereupon filed a counter-affidavit containing the following: "Claim is made for work done pursuant to oral request of defendants for changes and additions, only a portion of which has been paid for."

On September 11, 1970 the plaintiff filed an amended complaint adding Count II to the original complaint. This was in the nature of a claim for labor and materials totalling $69,933.68 alleging that $51,000 had been paid and that the balance due was $18,913.68.

It does not appear that the plaintiff attempted to prove any part of Count II mentioned above which was a general count for labor and materials for the construction of a residence. Instead, he proceeded on the mechanic lien claim theory for extras and modifications.

On March 1, 1971 plaintiff filed an amended complaint to foreclose mechanic's lien. The verified complaint was identical to the original complaint, except to allege that such modifications and extras were made pursuant to condition 10 of the written contract:

"The seller and purchaser enter into this agreement with full realization and understanding that the home is to be built with the purchaser in essence controlling all costs, which may cause the price in par. 1 to decrease or increase."

Said modifications and extras constituting a fair market value of $22,433.68.

The matter went to trial on the amended complaint and plaintiff's counsel in his opening statement made the following pertinent remark, *viz.*, "For the record your honor, this is a complaint on a Mechanic Lien for extras * * *."

It can thus be seen that what this court has before it is a complaint to forclose a mechanic's lien claim for extras and modifications, an amended complaint to the same effect with the additional element that said modifications and extras were made pursuant to Condition 10 in the written contract, and an opening statement by plaintiff's counsel that the cause was a complaint on a mechanic's lien for extras.

At the conclusion of the trial the trial court found for the defendants and dismissed the complaint and amendments thereto.

The issue presented to this court by the plaintiff is that parol evidence should have been allowed to determine the intent of the parties as to "Condition 10" of the contract as set forth above. Counsel for the plaintiff did, in fact, attempt to explain the meaning of paragraph 10 in the written contract by extrinsic evidence on the ground that the same was ambiguous stating that this paragraph was a "simple statement warning the purchaser that if they order a change that is more expensive they are going to have to pay for it." Plaintiff then attempted to prove that the additional $18,933.68 claimed was for extras and modifications. This he was unable to do. During his examination counsel for the defendant raised the parol evidence rule and the court sustained many objections interposed by the defendant to the testimony sought to be elicited by the plaintiff's attorney. Nonetheless, at the conclusion of the plaintiff Brugh's testimony, defense counsel questioned Mr. Brugh in detail as to what modifications and extras were made, what the original project cost was, and what the difference was between Brugh's estimate or projected cost and the items furnished. Brugh was unable to furnish any figures that this court is able to ascertain whereby specific amounts for extras or modifications were shown. At best, his testimony was a generalization that the building cost more than he estimated it would but he was unable to specifically state what the cost of the extras or modifications were for the various items claimed.

■■ In this court plaintiff contends that the contract and price quoted therein was for the purpose of obtaining financing and bore no relationship to any cost of construction. No evidence to this effect was presented in the trial court and it is difficult to ascertain upon what theory the plaintiff is before this court. We are limited to the pleadings and evidence adduced in the trial court. The pleadings were based upon a mechanic's lien claim for extras and modifications. The plaintiff was unable to prove any portion of the amount claimed for these additional

items even with the assistance of defense counsel who queried the contractor in detail as to what the extras and modifications consisted of. The judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD and T. MORAN, JJ., concur.